**SULAIMANLAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CORNELUS E. LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>FIRST NATIONAL BANK OF OMAHA, and JOHN DOES 1-10,<br><br>Defendants. | Case No. 3:23-cv-00498<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW COMES** CORNELUS E. LEWIS ("Claimant") by and through his undersigned counsel, complaining of FIRST NATIONAL BANK OF OMAHA ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Claimant brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and violations of the Rosenthal Fair Debt Collection Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788.

1

## PARTIES

2. Claimant is a natural person, over 18-years-of-age, who at all times relevant resided in Hayward, California.

3. Claimant is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant is engaged in the business of offering financial services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the State of California. Defendant's principal office located at 1620 Dodge Street, Omaha, Nebraska 68197.

5. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

6. JOHN DOES 1-10 are third party vendors that Defendant utilizes to assist Defendant in the collection of debts owed by consumers. The identities of John Does are unknown to Plaintiff at this time and will be identified through discovery.

## FACTUAL ALLEGATIONS

7. Prior to the events giving rise to this action, Plaintiff opened an account with Defendant.

8. Claimant lost his job in or around April 2022 and fell behind on his monthly payments and amassed a past due balance ("subject debt").

9. In or around May 2022, Plaintiff started receiving collection calls from Defendant.

10. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2829.

11. At all times relevant, Plaintiff's number ending in 2829 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

12. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

13. Initially, when the collection calls began, Plaintiff answered a few calls and explained his financial hardship to the representatives.

14. Defendant was unsympathetic to Plaintiff's situation and continued its harassing collection calls.

15. In or around May 2022, fed up with the harassing collection calls, Plaintiff answered a call from Defendant and asked Defendant to stop calling him.

16. Despite Plaintiff's request that the collection calls cease, Defendant continued its collection call campaign, including calls from 628-286-3649.

17. Defendant's collections efforts were relentless and objectively unreasonable.

18. Claimant had no choice but to submit to Defendant's harassing collection calls.

19. From May 2022 through the present, Defendant placed numerous collection calls to Plaintiff's cellular phone after Plaintiff initially requested that the collection calls cease.

20. Upon information and belief, all the aforementioned calls were placed by John Does 1-10 on behalf of Defendant.

**DAMAGES**

21. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including: aggravation that accompanies unwanted calls, increased risk of personal injury resulting from the distraction caused by the unwanted calls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

22. Moreover, each time Defendant placed a call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

3

23. Due to Defendant's refusal to honor Plaintiff's repeated requests that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020).

26. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

27. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

28. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

4

29. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing numerous non-emergency calls to Plaintiff's cellular telephone utilizing an ATDS and/or artificial or prerecorded voice without Plaintiff's consent.

30. As pled above, Plaintiff revoked consent to be called on his cellular phone on during an answered call.

31. As pled above, Plaintiff was harmed by Defendant's collection calls to his cellular phone.

32. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

33. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

34. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

35. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

36. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

a. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

b. enjoin Defendant from further phone calls to Plaintiff;

c. an award of $500.00 in damages to Plaintiff;

d. an award of treble damages up to $1,500.00 to Plaintiff; and

e. an award of such other relief as this Honorable Court deems just and proper.

# COUNT II
## Violations of the Rosenthal Fair Debt Collection Act

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Claimant is a "person" as defined by Cal. Civ. Code § 1788.2(g).

38. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

39. Defendants are "debt collector(s)" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.11(e)**

40. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

41. Defendants violated the RFDCPA when it continuously called Plaintiff's cellular phone after he informed them he wanted the calls to cease. This repeated behavior of systematically calling Plaintiff's phone despite his demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment. The frequency and volume of calls shows that Defendants willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

42. Upon being told to stop contacting Plaintiff, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing phone calls to Plaintiff's cellular telephone.

43. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendant from further contacting Plaintiff;
c. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
d. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
e. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
f. Award any other relief as this Honorable Court deems just and proper.

Dated: February 2, 2023 　　　　　　　　　　Respectfully Submitted,

**CORNELIUS E. LEWIS**

By: */s/ Alexander J. Taylor*
Alexander James Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com